UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-31 (ADM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

TONY NGUYEN,

Defendant.

**ORDER OF DETENTION**

This matter came before the Court on September 14, 2006, for preliminary hearing and upon the motion of the United States for an Order of Detention. The defendant was present and represented by his attorney, Assistant Federal Defender Manvir K. Atwal. The United States was represented by Assistant United States Attorney William H. Koch.

Defendant Tony Nguyen is before the Court on a Petition on Supervised Release. His United States Probation Officer presented the matter due to evidence Mr. Nguyen violated two conditions of his supervised release by (1) being arrested and charged with Fourth Degree DUI in Hennepin County, and (2) being unsuccessfully discharged from a drug treatment program after testing positive for marijuana. A preliminary hearing was held on September 14, 2006, at which time the Court concluded that probable cause exists to believe the defendant committed the offense charged. The defendant waived his right to contest the evidence presented by the government.

Based upon the evidence presented at the detention hearing, and on the arguments of counsel, the Court concludes that there has been a clear and convincing showing that no condition or

combination of conditions of bond will reasonably ensure the safety of the community. In addition, the Court concludes by a preponderance of the evidence that there are no conditions or combination of conditions of bond that will reasonably ensure the defendant's appearance in court. Accordingly, the Court will grant the government's motion for detention.

## FINDINGS OF FACT

Moreover, in addition to the defendant's underlying federal conviction for conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846, the defendant has not been compliant while on supervision. His conditions of supervision have been modified on three occasions, each time with escalating penalties. Still, the defendant continues to use alcohol and illegal drugs, and he failed to appear for an arraignment on the recent DUI charge. The defendant poses a danger to the public, and he has shown that he will not voluntarily appear for court appearances.

## DISCUSSION

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). The Court finds that detention is justified under both of these criteria.

## CONCLUSION

Based upon the evidence presented, the Court concludes that the government has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community. In addition, the Court concludes that the government has shown by a preponderance of the evidence that no condition or combination of conditions of bond will reasonably ensure the defendant's appearance in court. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending trial;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: September 18, 2006

s/ Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge